Argued March 25, affirmed June 1, 1977

SCHMIDT et ux, *Petitioners,*
*v.*
LAND CONSERVATION AND
DEVELOPMENT COMMISSION, *Respondent.*
(No. 76-011, CA 7313)

564 P2d 1090

Bruce W. Williams, Salem, argued the cause for petitioners. With him on the brief was Williams, Spooner & Graves, P.C., Salem.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

PER CURIAM.

## PER CURIAM.

This is an appeal from an order of the Land Conservation and Development Commission (LCDC) dismissing a petition to LCDC made pursuant to ORS 197.300(1)(d), which provides in part:

"(1) * * * [LCDC] shall review upon:

"(d) Petition by any person or group of persons whose interests are substantially affected * * * any zoning * * * ordinance * * * alleged to be in violation of statewide planning goals * * *."

The statewide planning goals referred to in ORS 197.300(1)(d) were adopted by LCDC in late 1974, effective January 1, 1975, as required by ORS 197.225.

The petition, filed April 5, 1976, alleged that in 1968 the City of Salem adopted a zoning ordinance by a procedure that violated Goals number 1 and 2:

"* * * * *

"The governing body charged with preparing and adopting a comprehensive plan shall adopt and publicize a program for citizen involvement that clearly defines the procedures by which the general public will be involved in the on-going land-use planning process.

"* * * * *." OAR 660-10-060, Appendix A, p 3, Goal 1—Citizen Involvement.

"* * * * *

"All land use plans and implementation ordinances shall be adopted by the governing body after public hearing * * *. Opportunities shall be provided for review and comment by citizens and affected governmental units during preparation, review and revision of plans and implementation ordinances * * *.

"* * * * *." OAR 660-10-060, Appendix A, p 7, Goal 2—Land Use Planning, Part I.

Although most of the balance of the statewide planning goals deal with *substantive* requirements, as noted the only basis of the present petition was an allegation that in 1968 the City of Salem violated *procedural* requirements that did not go into effect until 1975.

[ 667 ]

Regardless of any possible retroactive effect to be given to the substantive requirements of the goals as applied to preexisting ordinances—a question we do not here reach or decide—we hold that the above-quoted procedural requirements of the goals do not apply to preexisting and final land-use decisions. A contrary holding—that procedural rules adopted in 1975 apply to decisions made 10, 20, 30 or more years ago—would likely produce chaos, and cannot possibly have been the intent of the draftsmen in adopting the relevant statutes, ORS ch 197, or the procedural aspects of the statewide planning goals.

Affirmed.